Kepobt of Committee in Eavoe of Me. Sheldon.
In Assembly, Jamtary 1 Qth, 1826.
Mr. Woodcock, from the committee on privileges and elections, to whom was referred the petition of Matthias I. Bovee, of the county of Montgomery,' praying-that- the'seat of Alexander Shélddn, amena-ber of this House, might be vacated, and the petitioner admitted toa' seat in this House, reported:
*54 That, from a certified copy of the canvass of the several towns of the county of Montgomery, duly authenticated under the hand and seal of the clerk of the said county, it appéars that there were given, in the several towns in said county, for the petitioner Matthias I. Bovee, two thousand seven hundred and fifteen votes; and for the sitting member, Alexander Sheldon, two thousand seven hundred and twelve vetes.
That in addition to the .above number of votes thus canvassed,, it appears that nine scattering votes, of the following description, were cahvassed and returned by'the town inspectors to the county canvassers as scattering votes, to wittwo votes in the town of Johnstown, one given for Alexander Sheldin the other given for Elexander Sheldon ; three votes in the .town of Boot for Alexr. Sheldon ; two votes in.the town of Glen for Alx. Sheldon, one vote in the same town for A. Sheldon; and one vote in the town of Oppenheim, for Alex. ' Sheldon.
The committee further report, that nine scattering votes were also returned by said town inspectors to the canvassers of said county, of the following description, to wit: one vote in the town of Minden for Mathias Bo ver; three votes in the town of Florida for M. I. Bover ; one vote in the town of Amsterdam for M. Bovee, one vote in the same town for M. I. Bovee, one vote in the same town for Bovee, and one vote in the town of Broadalbin for Matthias Bovee.
It also appears that the board of canvassers in said county ofMont-gomery, canvassed and allowed to the said Alexander Sheldon, the following five votes of the said scattering votes, to wit: one vote for Alexander Sheldin, one vote for Elexander Sheldon, and three votes for Alex’r Sheldon ; and disallowed to the said Matthias I. Bovee the nine scattering votes returned as aforesaid.
The above facts were proved to the committee, and admitted by the petitioner and the said Alexander Sheldon; and in addition to the above facts, the petitioner offered to prove,
1. That he is a native of the town of Amsterdam, in the county of Montgomery; and, with the exception of two years, has always resided in that town.
2. That the petitioner has been well known in the county of Montgomery, and especially in the town of Amsterdam, for the last ten years.
3. That there is no other person of the name of Mathias Bovee, nor *55 any other person of the name of Bovee, the initials of whose Christian name begins with M. I. or M., except himself. • .
4. That the petitioner was nominated as a candidate for the Assem-' bly from the county of Montgomery,, several weeks before election ; and that it was well known to the electors of that county, that he was' such candidate, "and also that there was no other person of the name of Bovee, known as such candidate, but himself.
5. That one of the scattering defective ballots having on it the name of M. I. Bovee was given by Jabez Livermore, of the town of Florida, that another of the same description was given by David Brewer, of the same town, and that another ballot having on it the name of M. Bovee, was given by Peter D. Graff,' of the town of Amsterdam, and that each of those persons intended to vote for the said petitioner, and would prove by those persons that such were' their intention.
6. That there is another person of full age in the county of Montgomery, of the name of Alexander Sheldon, besides the sitting member, and also another by the name of Sheldon whose Christian name begins with the letter A.
On the part of the sitting member it was proposed to prove,
1. That there is no man in the county of Montgomery by the name of Sheldon, the initial of whose name H A. except himself and his son, whose name is Alexander Sheldon, Jr., and who is a minor.
That there is a man of full age residing in the county of Montgomery whose name is Matthias Bovee.
The committee, for the purpose of bringing an important question before the House, grant the position that all the facts proposed to be proved by the petitioner and the sitting member are substantially true and could be proved.
The question then is, was it the duty of the committee to have' received the evidence ?
A majority of the committee, after a deliberate and careful examination,«have decided that they would not hear the testimony, that it would be dangerous and improper.
The whole of the points, as proposed to be proved by the petitioner and the sitting member, embrace this one important question. The admission of testimony to show the intent of the voter. Would it be safe, would it be for the furtherance of justice to admit affidavits or hear parol evidence to show that intention ? Would it not open a door to fraud and perjury, and more than balance the inestimable *56 privilege which every freeman enjoys, the right to his elective franchise.?' A majority of your committee believed it would. They have laid down this principle, that they would not go beyond the ballot box to inquire for whom was the vote given. Neither would they inquire whether any other person of the same or a similar name did or did not reside in the same county with the petitioner and sitting member; but that possessing a supervisory power over the canvass of the town inspectors, and the canvass of the county canvassers, they would review and canvass them and the ballots as far as they were identified to have been given at the poll by an elector.
It is with great deference that your committee have submitted to the House this opinion. But believing that it is the solemn duty of a committee fearlessly to examine and pronounce their judgment upon all subjects which the House gives them in charge; and in coming to this conclusion they are aware that they have confined themselves to rules more limited than the rules adopted by the Congress of the Hnited States. But believing the rules thus adopted more safe, and less liable to b& perverted for bad purposes, they have adopted them, leaving it to the good sense of this House to correct the errors of your committee.
The only remaining duty for the committee was the canvass of the nine scattering votes given as aforesaid for the petitioner, and the nine scattering votes given for the sitting member, as returned by the town inspectors to the county canvassers. In performing this duty a majority of the committee have adopted some of the rules laid down by the State canvassers, to wit: that the want of a middle letter in the name of the person voted for is fatal and cannot be allowed; and that the natural or usual and accepted abbreviation of the Christian name should be allowed; that they will not search for the intention of the voter; that the vote must be written or printed, or partly written or partly printed, with the name at full length, or the Christian name abbreviated in the usual and received acceptation of abbreviations.
In coming to tliis decision the committee have not considered that they are confined to the same limits in giving the same construction to votes as the canvassers of the State. They admit the right of this House to judge of its own members, and pass on votés given, and the intention of the voter.
But the safety of a principle in canvassing, beyond the one adopted by your committee, admits of serious doubts: In its application it *57 might be dangerous, and the question is seriously put to the House, whether the purity of your elections, and the intent of the elector, will not he better preserved and understood, than by adopting a rule, the hounds of which it would he difficult to fix %
The rule the committee have adopted embraces within itself its own evidence, unaided by the frailty of memory, or liable to be perverted by prejudice or misconstruction. In pursuance of this rule, a majority of the committee have come to the following result: They do not allow the petitioner either of the nine scattering votes; that they do not allow to the sitting member the five following scattering votes, which were allowed by the county canvassers, viz.: One vote for Alexander Sheldin, one vote for Elexander Sheldon, and three votes for Alex Sheldon. This canvass gives to the said Alexander Sheldon, a greater number of votes for member of Assembly than were given to the petitioner.
A majority of the committee are of the opinion, that the sitting member, Alexander Sheldon, was, at the last anniversary election, held in the county of Montgomery, duly elected a member of this House, and entitled to retain his seat therein, and have instructed their chairman to offer the following resolution :
Resolved, That the petitioner have leave to withdraw his petition.'
Ordered, That the same do lie upon the table.
. Ordered, That the usual number of copies of the same be printed for the use of the Legislature.
Assembly Journal, 1826, pages 167, 168.
Committee oe the "Whole.
Ik Assembly, January 23d, 1826.
• The House resolved itself into a committee of the whole, on the resolution reported by the committee on privileges and elections, on the petition of Matthias J. Bovee, for permission to take his seat as a member of this House, in the place of Alexander Sheldon, and after some time spent thereon, Mr. Speaker resumed the chair, and Mr. E. "W. King, from the said committee, reported that the committee had agreed to amend the said resolution, by striking out the same, and inserting instead thereof the following:
Resolved (as the sense of this committee), That Alexander Sheldon is not entitled to a seat in this House.
■Resolved (as the sense of this committee), That Matthias J. Bovee is entitled to a seat in this House.
*58 Which he was directed to report to the House, and he read the report in his place, and delivered the same at the table, where it was again read; thereupon,
Ordered, That the question on agreeing with the committee of the whole, in their preceding report, be postponed until to morrow. Assembly Journal, 1826, page 341. '
B.EPORT CONSIDERED.
In Assembly, January'24i/t, 1826.
The House proceeded to the consideration of the report of the committee of the whole on the resolution reported by the committee on privileges and elections, on the petition of Matthias J. Bovee for permission to take his seat as a member of this House, in the place of Alexander Sheldon. Thereupon,
The resolutions reported by the committee of the whole were read in the words following:
Resolved (as the sense of this committee), That Alexander Sheldon is'not entitled to a seat in this House.
Resolved (as the sense of this committee), That Matthias J. Bovee is entitled to a seat in this House.
Debates were had upon the first of the said resolutions, and the questions being put whether the House would agrees with the committee of the whole in that part of tlieir report, arid it was determined in the affirmative.
Ayes, 59. Hays, 56.
Thereupon, debates were had upon the second of the said resolutions, and the question being put whether the House would agree with the committee of the whole in that part of their said report, and it was determined in the affirmative.
Ayes, 61. Hays, 54.
Thereupon,
Resolved, That Alexander Sheldon is not entitled to a seat in this House.
Resolmed, That Matthias J. Bover is entitled to a seat in this House. Assembly Journal, 1826, pages 343-345.